FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs
DAVID BRENT ADAMS,
ENCLAVE ASSETS LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRENT ADAMS;<br>ENCLAVE ASSETS LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF COSTA MESA, a municipal corporation; WINSTON KARUGA; RYAN BOHR; RAYMOND PASCUA; MICHELLE HALLIGAN; AND DOES 1-10 INCLUSIVE,<br><br>Defendants. | Case No. CV21-01030<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF**<br><br>[Violation of Federal Civil Rights - 42 U.S.C. Section 1983]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs DAVID BRENT ADAMS, ENCLAVE ASSETS LLC (collectively "Plaintiffs," "B. ADAMS," "EALLC") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF COSTA MESA ("Defendant" or "City"), is a public entity in this District, the other individual defendants reside in this District, and the claims arose in this District.

## PARTIES

3. Plaintiffs B. ADAMS and EALLC are a legal and beneficial owners of real property that rents as 2 single family homes and is located at 544 Bernard Street, Costa Mesa, CA 92627 ("Property"). EALLC is a limited liability company duly formed and existing under the laws of the State of California.

4. The City is a municipal corporation formed and operating under its local charter and the laws of the State of California.

5. The Defendants WINSTON KARUGA, RYAN BOHR, RAYMOND PASCUA, MICHELLE HALLIGAN ("WK," "RB," "RP," "MH," or collectively "Individual Defendants"), are individuals who at all times material herein are employees of the City. WK is a code enforcement officer for the City. RB is a building inspector for the City. RP works in the Planning Department of the City.

6. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiffs are informed and believe and based thereon alleges that each of the DOE defendants are responsible in some manner for the occurences herein referred to, and that plaintiff's injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

## PRELIMINARY FACTUAL HISTORY

7. In April 2019, a there was a fire at the property. As a result of the the fire, the City along with other City officials, including the individual defendants have entered the property without plaintiffs consent or a court order or warrant in order to inspect the propert. These inspections have all occured within two years of the filing of the complaint.

8. As a result of the inspections, the plaintiffs were cited for City municipal code violations, in particular WK has cited the plaintiffs multiple times for unauthorized structures and appendages to the property as having been built without a City permit or authorization.

9. Plaintiffs have at all times material herein denied that there are any code violations at the property and requested an appealn hearing before the City to contest the citations.

10. The defendants, and each of them, have refused, and continue to refuse to provide the plaintiffs an appeal for the citations that were issued to the plaintiffs.

11. Plaintiffs have requested multiple times from the defendants, and each of them, to provide them with the City planning, zoning and file documents regarding the property in order for the plaintiffs to verify what work was done at the property before the property with the permits prior to when purchased the property.

12. In response, the defendants, and each of them, informed the plaintiffs that the City planning and zoning documents and file on the property were lost and could not be retrieved.

13. Plaintiffs inquired from the defendants, and each of them, how they could be cited for code violations on alleged unpermitted work at the property prior to their purchase when the defendants did not have the documents and file to verify what work was permitted or unpermitted.

14. Defendants have refused to respond to plaintiffs requests and inquiries set forth in paragraphs 11-13 above, yet they continue to issue code violation citations to plaintiffs.

15. On May 5, 2021, the defendants, and each of them, along with other City officials from multiple City departments, entered the property with an administrative warrant in order to inspect the property.

16. The warrant was not executed properly in accordance with <u>California Code of Civil Procedure</u> section 1822.50, et seq.

17. With the defendants were armed members of the City police department.

18. The purpose of the inspection was not limited to an administrative inspection of the property but for purposes of a criminal investigation of the plaintiffs for the alleged code violations even though the defendants, and each of them, had procured the administrative warrant from the Orange County Superior Court on the false representation to the court that such a warrant was needed as an administrative warrant for civil purposes.

19. The defendants, and each of them, have threatened, and continue to threaten the plaintiffs with additional code violation citations.

Based on the above facts, plaintiffs allege the following claims:

## FIRST CLAIM FOR RELIEF

### (Violation of Civil Rights Under 42 U.S.C. Section 1983 by Plaintiff Against All Defendants)

20. Plaintiffs reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 19, and all its subparts, inclusive, as set forth hereinabove.

21. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, the City and defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Costa Mesa, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

22. Plaintiffs further are informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-21 above, the City and defendants, and each of them, violates and further threatens to violate the constitutional and civil rights of plaintiffs, in particular their individual rights under the First and Fourteenth Amendments of the United States Constitution to be free from to be free from a retaliation and burdening of their petition rights under the Petition Clause of the First Amendment; violates their individual rights under the Fourth and Fourteenth Amendmen of the United States Constitution to be free from to be free from an unreasonable search and seizure of their property, and further violates under the Fifth Amendment and Fourteenth Amendments of the United States Constitution in that such actions in meaningfully interfering with plaintiffs' property and rental business which constitutes a taking of their property in

violation of such clause; further violates their individual rights under the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment; and further violates their individual rights under the Equal Protection Clause Fourteenth Amendments of the United States Constitution as similarly situated property ownerrs are differentially treated..

23. The City's actions described in paragraphs 1-21 above were done pursuant to official policy, custom, or practice of the City.

24. As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered extreme hardship and damages, which damages include, but is not limited to, economic damages, according to proof at trial, but no less than $2,000,000.00; and to appropriate declaratory and injunctive relief against all the defendants, and to their reasonable attorneys fees under 42 U.S.C. section 1988.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For damages according to proof at trial;

2. For appropriate declaratory and injunctive relief,

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper.

DATED: June 11, 2021                     LAW OFFICES OF FRANK A. WEISER

                                         By: /s/ Frank A. Weiser
                                         FRANK A. WEISER, Attorney for
                                         Plaintiffs DAVID BRENT ADAMS,
                                         and ENCLAVE ASSETS LLC

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: June 11, 2021                     LAW OFFICES OF FRANK A. WEISER

                                         By: /s/ Frank A. Weiser
                                         FRANK A. WEISER, Attorney for
                                         Plaintiffs DAVID BRENT ADAMS,
                                         and ENCLAVE ASSETS LLC